Affirmed with damages.

---

## JOHN BALDWIN v. JOHN M. HARDIN.

Where a party in his petition for *certiorari* alleges particular facts as the grounds for reversing the judgment of the Justice, but does not allege that on the trial he offered or attempted to prove them, or show any reason or excuse why he failed to make such proof, the petition was properly dismissed.

Appeal from Wood. Tried below before Hon. John Gregg. The appellee recovered a judgment against appellant before a Justice of the Peace ; the latter filed his petition for a *certiorari*, setting up the contract and understanding between himself and appellee, going to show that the money was not due at the institution of the suit. The petition does not allege that on the trial before the Justice the appellant offered to prove such contract and understanding as was set up in his

petition, or any reason why he failed to do so. On motion, the petition was dismissed.

*Banks & Norton*, for appellant.

*J. H. Dearborn*, for appellee. I. The petition for *certiorari*, filed in this cause, discloses no valid defence against the action.

II. It does not allege that appellant attempted to avail himself of any defence he might have had in the Justice's Court, nor does it show any sufficient legal excuse for omitting to urge the same before the Justice. (11 Tex. R. 619; Hope v. Alley, 11 Tex. R. 260.)

III. The petition must show that there was an attempt to make the grounds relied on for the *certiorari* available on the trial, or the reasons why they were not presented alleged. (Clay v. Clay, 7 Tex. R. 257; Ford v. Williams, 6 Tex. R. 311.)

IV. Because it does not disclose any error or illegality in the proceedings before the Justice; nor that the judgment is contrary to the law or evidence presented before said Justice. (Cotton v. Gammon, 4 Tex. R. 38.)

V. The petition discloses no facts to rebut the legal presumption in favor of the correctness of the judgment of the Justice, and was therefore properly dismissed. (Johnson v. Lane, 12 Tex. R. 179.) Admitting there were errors in the proceedings before the Justice, it does not appear that appellant has been prejudiced thereby, or that the judgment is not such as should have been rendered had not the errors complained of been committed. (Criswell v. Richter, 13 Texas R. 18.)

VI. Petition does not set forth that on the trial below the appellant proved or offered to prove the allegations contained in petition, or the alleged contract, or any excuse for failing so to do. (5 Tex. R. 570; 4 Tex. R. 1.)

HEMPHILL, CH. J. There was no error in dismissing the *certiorari*. The petition discloses no grounds which would entitle the party to a new hearing in the District Court.

The defendant alleges that he was to pay Hardin for the rent of the land on the first of November, 1856, the day on which Hardin had agreed to pay the rent ; and that subsequently, without his knowledge or consent, Hardin and Dearborn altered their contract so as to make the rent payable the first of September, 1856 ; but he does not allege that he offered or attempted to prove that this change in the time of payment was made after he had entered into his contract, or show any reason or excuse why he failed to make such proof.

The petition does not attempt a statement in full, or in substance, of the facts adduced on the trial. The allegations of the petition may be misconceived, but if they be correctly understood they admit a contract on the part of the defendant for a greater amount than the judgment against him. He alleges that he gave his note to the plaintiff Hardin for thirty-seven dollars, and engaged to pay Dearborn one dollar and fifty cents per acre for the land that he got from Hardin, and he admits afterwards that this amounted to twenty or twenty-five acres, thus admitting that the whole debt was at least sixty-seven dollars, being nine dollars and some cents more than the judgment.

The petition does not show that the justice of the case has not been attained, or that there was any such illegality in the proceedings as to entitle the defendant to a revision in the District Court.

Judgment affirmed.